782 F.2d 1044
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
JOSEPH C. MANN, Defendant-Appellant.
 84-6018
 United States Court of Appeals, Sixth Circuit.
 12/2/85
 
 BEFORE: JONES and CONTIE, Circuit Judges; and DEMASCIO, District Judge*.
 Per Curiam.
 
 
 1
 Defendant Joseph C. Mann appeals his conviction after a jury trial of seven counts of mail fraud in violation of 18 U.S.C. Secs. 1341 and 1342 (1982). The government alleged that Mann, and three co-defendants who were not convicted, schemed to burn down a building owned by Mann and submitted, by mail, false claims to collect insurance on the building and its contents. Mann presents many assignments of error by the trial judge, most involving evidentiary rulings, and contends, as well, that the evidence was insufficient to support his conviction. We have carefully considered each of the arguments presented and find no reversible error. Further, we find, viewing the record and the evidence therein in the light most favorable to the government, that there is substantial evidence to support a finding of guilt beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1940); United States v. Gibson, 675 F.2d 825, 829 (6th Cir. 1982). Consequently, we AFFIRM.
 
 
 2
 CONTIE, Circuit Judge, concurring.
 
 
 3
 I concur in the holding of the Court, but write separately to address the effect on this case, if any, of Michigan v. Clifford, 104 S. Ct. 641 (1984), a Supreme Court case decided after the district court below made its decision.
 
 
 4
 The charges against Mann were based on a fire which destroyed certain premises owned and insured by Mann. Mann argues on appeal that entry by fire department investigators onto the burned premises the morning after the fire constituted an impermissible warrantless search. Fire investigators had started an investigation the previous day while firefighters were at the scene of the fire. However, because of the dangerous condition of the premises the investigators discontinued their efforts, left the scene and returned the following morning.
 
 
 5
 At trial, Mann moved to suppress all evidence obtained as a result of the allegedly illegal search. The district court conducted a full suppression hearing and denied Mann's motion. The court found that the warrantless search did not violate Mann's rights in that it was merely a continuation of the legitimate initial investigation. The district court relied on a Supreme Court decision, Michigan v. Tyler, 436 U.S. 499 (1978), and a Sixth Circuit decision which interpreted and applied Tyler, United States v. Urban, 710 F.2d 276 (6th Cir. 1983).
 
 
 6
 The Supreme Court stated in Tyler that '[a]s a general matter . . . official entries to investigate the cause of a fire must adhere to the warrant procedures of the Fourth Amendment.' Tyler, 436 U.S. at 508. However, the Court recognized that exigent circumstances may permit a warrantless search and that entry into a burning building is such an exigency. Id. at 509-10. The Court further noted that the role of a firefighter includes not only extinguishing fires, but also the important role of discovering their causes. 'For these reasons, officials need no warrant to remain in a building for a reasonable time to investigate the cause of a blaze after it has been extinguished. And if the warrantless entry to put the fire out and determine its cause is constitutional, the warrantless seizure of evidence while inspecting the premises for these purposes also is constitutional.' Id. at 510.
 
 
 7
 The Court applied these principles to the facts before it, where fire officials at the scene of a fire were hindered in their investigation by smoke, darkness and steam. Because of the hindrances, the investigators left the scene and returned early the next morning. The Court held the subsequent warrantless entry was permissible, stating 'the morning entries were no more than an actual continuation of the first, and the lack of a warrant thus did not invalidate the resulting seizure of evidence.' Id. at 511.
 
 
 8
 In Urban, this court was presented with a case similar to Tyler. Urban involved a situation in which firefighters had discovered potentially explosive chemicals in the defendant's house while fighting a fire thereon. Police who had expertise in dealing with explosive materials were summoned to the scene but due to excessive smoke and water inside the house and a lack of lighting, the police elected to leave and return the following morning to remove the chemicals. Urban, 710 F.2d at 277. This court applied the analysis set forth in Tyler and held that the warrantless entry and seizure of evidence the morning after the fire was lawful. Id. at 279.
 
 
 9
 Mann argues in this appeal that the district court's holding concerning the warrantless search should be reversed in light of Michigan v. Clifford, 104 S. Ct. 641 (1984), the most recent Supreme Court case involving warrantless entries and searches by fire investigators. Since the district court made its decision without the benefit of Clifford, this court should consider the effect of Clifford on that decision. Although Clifford may have modified the application of Tyler, it has not done so in manner to require reversal in the present case.
 
 
 10
 In Clifford, a private residence caught fire early in the morning. The fire was extinguished by 7:00 a.m. and all fire officials left the scene. Five hours later, arson investigators arrived at the residence for the first time and although the house was being boarded-up in accordance with the owners' instructions, the investigators entered the residence. Upon entry they found and seized physical evidence of arson. Id. at 645.
 
 
 11
 In a divided opinion[1] the Supreme Court held that no exigent circumstances existed for this entry and that the evidence was obtained in violation of the resident's Fourth Amendment rights. The Court stated:
 
 
 12
 The constitutionality of warrantless and nonconsensual entries onto fire-damaged premises . . . turns on several factors: whether there are legitimate privacy interests in the fire-damaged property that are protected by the Fourth Amendment; whether exigent circumstances justify the government intrusion regardless of any reasonable expectation of privacy; and, whether the object of the search is to determine the cause of the fire or to gather evidence of criminal activity.
 
 
 13
 Id. at 646. As Justice Stevens noted in his concurring opinion, the crucial issue was whether the entry by the investigators was a continuation of the original valid entry or a separate post-fire search. Id. at 650. A majority of the Court determined that it was a post-fire search, unlike Tyler in which factors forced the initial investigation to stop until the next morning. Id. at 648-49, 650.
 
 
 14
 The present case is more like Tyler and is distinguishable from Clifford. As in Tyler and unlike Clifford, the initial investigation was valid since it began while firefighters were on the scene. Testimony indicated that the premises were unfit to continue the search, however, due to the intense heat, water on the premises and the possibility of poisonous gases. Accordingly, the investigation had to be postponed. The investigation was continued apparently as soon as possible, early the next morning, and only lasted for one hour. Under these circumstances, Tyler and Urban still govern, and the subsequent entry was merely a lawful continuation of an originally valid warrantless entry. Accordingly, I would affirm the district court's denial of Mann's motion to suppress evidence obtained during the subsequent entry.
 
 
 
 *
 Honorable Robert E. DeMascio, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Justice Powell announced the judgment of the Court and delivered an opinion in which three Justices joined. Justice Stevens concurred in the judgment of the Court had wrote separately. Justice Rehnquist wrote a dissenting opinion in which the three remaining Justices joined